**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-50419
Summary Calendar

RAUL G. TORRES,

Plaintiff-Appellant,

versus

SCOTT, SHERWOOD, BRINDLEY FOUNDATION;
SCOTT & WHITE MEMORIAL HOSPITAL; SCOTT &
WHITE CLINIC,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(W-96-CV-3341)

December 8, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raul G. Torres appeals an adverse summary judgment in his Title VII[1] complaint

of discrimination because he is hispanic and in retaliation for making internal

complaints. The court granted judgment to Scott and White Memorial Hospital and to

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1]42 U.S.C. § 2000e **et seq.**

Scott, Sherwood and Brindley Foundation.[2] Torres also appeals the trial court's refusal to grant his motion to extend discovery.

Torres was hired to work in the audio visual department of Scott and White. After his employer received recurring complaints that Torres was viewing pornography at work, in violation of its sexual harassment policy, Torres was suspended and, ultimately, discharged.

## ANALYSIS

We review a district court's refusal to extend a discovery deadline for abuse of discretion,[3] and we review a grant of summary judgment de novo, applying the same criteria as those applied by the district court.[4] Summary judgment should enter if the record evidence, viewed in the light most favorable to the nonmovant, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5]

### A. Extension of Discovery Deadline

Torres sought and was granted an extension of time for discovery. When he sought a second extension it was denied. In requesting the further extension he merely asserted that he had been unable to complete discovery because of other obligations.

---

[2]Despite all of the conjunctives suggesting to the contrary, this is just one entity. Another defendant, Scott and White Clinic, was dismissed from the suit; this dismissal is not at issue in this appeal.

[3]**International Shortstop, Inc. v. Rally's, Inc.**, 939 F.2d 1257 (5th Cir. 1991).

[4]**Pfau v. Reed**, 125 F.3d 927 (5th Cir. 1997).

[5]Fed. R. Civ. P. 56(c).

This is insufficient under our precedents which require – in addition to a showing of diligent efforts – a showing by the nonmoving party as to "how the additional discovery will defeat the summary judgment motion."[6] The record before the district court is devoid of any showing of the latter requirement. We perceive no abuse of discretion in the trial court's ruling.

## B.    Grant of Summary Judgment

The elements of proof required of a Title VII complainant are well-established; the district court succinctly summarized the law governing claims of race/national origin discrimination and retaliation. To state a claim for unlawful discrimination based on race/national origin or retaliation, a Title VII plaintiff generally must establish a prima facie case.[7] If he succeeds in establishing a prima facie violation, the employer must produce a legitimate, nondiscriminatory reason for the adverse employment action.[8] Once the employer discharges this burden of production, the plaintiff must demonstrate pretext – he must show that the reason given by the employer is false and that the real reason for the adverse employment action is discriminatory.[9] Having laid out the applicable law, we analyze Torres's claims seriatim.

Torres contends that Scott and White discriminated against him based on race/national origin by paying him a lower wage than another white employee. For

---

[6]**Rally's**, 939 F.2d at 1267.

[7]**McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973); **Mattern v. Eastman Kodak Co.**, 104 F.3d 702 (5th Cir. 1997).

[8]**St. Mary's Honor Center v. Hicks**, 509 U.S. 502 (1993).

[9]**Id.** at 515.

present purposes we assume, without deciding, that Torres has made out a prima facie case of discrimination. Scott and White, however, presented unrebutted evidence that the white employee received a higher wage because he had more experience and education than Torres. Torres offered no evidence that Scott and White did not in fact care about education and experience with respect to the job he performed and that the true reason for the pay differential was discrimination.[10]

Torres next claims that Scott and White discriminated and retaliated against him by reclassifying his job, a reclassification accompanied by a pay raise but which Torres regarded as a demotion. Even if, as Torres contends, the reclassification qualifies as an adverse employment action cognizable under Title VII, he nonetheless cannot prevail on this claim. Torres introduced no evidence to show a causal connection between the reclassification and his internal complaint of discrimination, made years before the reclassification. Without such evidence, he has not and cannot establish a prima facie case of retaliation.

Finally, Torres contends that his suspension and subsequent termination are the product of discrimination and retaliation. He presented no evidence to show that similarly-situated white employees were treated differently, as required to state a prima facie case of discrimination. In fact, Scott and White has terminated whites and blacks for violating its sexual harassment policy. The record reflects that Scott and White

---

[10]We reject out of hand Torres's suggestion that superior experience and education cannot be credited as a legitimate reason for the wage difference because the white employee's credentials exceed the minimal job requirements. Courts have long held that an employer is not subject to a disparate treatment suit simply for hiring the best qualified candidate. **See, e.g., Nichols v. Lewis Grocer**, 138 F.3d 563 (5th Cir. 1998); **Parker v. Board of School Comm'rs**, 729 F.2d 524 (7th Cir. 1984).

detailed a well-documented reason for Torres' suspension and discharge, i.e., violation of its sexual harassment policy.

The judgment of the district court is AFFIRMED.